# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. BRYS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANISLAUS COUNTY SHERIFFS DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00838-DAD-BAM (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 9)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Christopher L. Brys ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint on December 9, 2019, and granted Plaintiff thirty days to file a first amended complaint. (ECF No. 8.)

Currently before the Court is Plaintiff's motion for a thirty-day extension of time to file his amended complaint, filed January 21, 2020. (ECF No. 9.) In his motion, Plaintiff argues that he requires additional time to submit his amended complaint because the defendants involved are refusing to provide the full names and information Plaintiff requires to file the amended complaint, because Plaintiff is not verified as a pro per or pro se litigant. In addition, the law library at his institution will not provide Plaintiff with documents that he requests, such as documentation required to fie for a subpoena. Plaintiff therefore requests that the Court provide documentation to verify his pro per status, so he may acquire the correct documentation from the

1

law library to request a subpoena, as well as time to receive a reply to his subpoena. (Id.)

To the extent Plaintiff is requesting a subpoena from the Court, as Plaintiff has been informed, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not submitted a first amended complaint, and therefore the Court has not screened Plaintiff's first amended complaint to determine whether it is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims. As no defendant has been served and discovery has not been opened in this matter, Plaintiff's motion seeking service of a subpoena is premature.

However, the Court finds good cause to grant Plaintiff the requested extension of time to file his amended complaint, on the basis that Plaintiff has been unable to access the law library due to his unverified pro per status. Furthermore, by the instant order, the Court verifies that Plaintiff is proceeding *pro se* or pro per (without counsel) in this action.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by

reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. 9), is GRANTED;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in the December 9, 2019 screening order or file a notice of voluntary dismissal; and

4. **<u>If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim</u>.**

IT IS SO ORDERED.

Dated: **January 24, 2020**           /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE