UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. BRYS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GONZALES, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00838-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED ONLY AGAINST DEFENDANT GONZALES FOR FAILURE TO PROTECT PLAINTIFF IN VIOLATION OF THE FOURTEENTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 15.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS** |

**I.　　BACKGROUND**

　　Christopher L. Brys ("Plaintiff") is a former Stanislaus County jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On December 9, 2019,

the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 8.)  On March 9, 2020, Plaintiff filed the First Amended Complaint which is now before the court for screening.  (ECF No. 15.)  28 U.S.C. § 1915.

At the time of the events at issue in the First Amended Complaint Plaintiff was a pretrial detainee.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

///

///

### III.     SUMMARY OF ALLEGATIONS

Plaintiff is presently out of custody. The events at issue in the First Amended Complaint allegedly occurred at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was housed there as a pretrial detainee in the custody of the Stanislaus County Sheriff. Plaintiff names as defendants Deputy Gonzales (Transportation), Deputy Cuevas (Transportation Driver), Sergeant Souza (Transportation Sergeant), Lieutenant Kirk, and Captain Duncan (collectively, "Defendants").

Plaintiff's allegations follow:

On March 25, 2019, Plaintiff was sitting in a transportation vehicle as best as possible with what little room was available. The driver, defendant Deputy Gonzales, refused to believe the prisoners when they all advised him that ten of them would not fit in this area as they were too large when all combined. Defendant Gonzales insisted they would fit.

Deputy Gonzales drove at fast unsafe speeds knowing there were no seat belts or other forms of safety restraints, no padding of any type, and no friction devices to reduce or prevent slipping on any surface inside the vehicle. As he drove he suddenly slammed on the brakes coming to the first stop. He proceeded for approximately 100-200 feet as we yelled for medical assistance for my injuries, and then came to a second stop.

Plaintiff was pulled out of the vehicle, which was now directly in front of the gate to exit Jail property. Deputy Gonzales is the deputy who spoke with Plaintiff on site after pulling Plaintiff out of the vehicle as he explained why he slammed on the breaks. Deputy Gonzales went on to explain that to avoid a collision with the gate, which had suddenly closed, he had to slam on the breaks. However, this was the second stop and if that's the case there must have been a magical teleporting gate. Plaintiff obtained injuries from this incident, including three bloody contusions – one on his left shoulder, left knee, abdominal injuries, pulled muscles on his right shoulder, neck, and an injured back. He had the following symptoms from his head injury (concussion) – dizzy, light headed, visions of stars, blacking out, nausea, and loss of appetite. In addition, Plaintiff had a migraine headache that lasted three days non-stop and felt pressure in his head mostly near his nose area. These migraines were periodical off and on for two weeks.

Plaintiff was unaware at the moment preceding the incident that caused him injuries that he was bleeding.  He was in complete shock.  The momentum from the forward motion of the vehicle, combined with the sudden slam of the brakes, caused Plaintiff to be tossed in a forward motion into the gate/door, causing the injuries.  Now Plaintiff suffers to this day.  Anytime he is in a moving vehicle that traumatic experience flashes by and he is in complete fear in any vehicle as a result.  Plaintiff is traumatized by this incident.

Plaintiff submitted prison complaints to Deputy Gonzales, Sergeant Souza, Lieutenant Kirk, then Captain Duncan.  Each staff level denied Plaintiff's claims and pushed the blame onto Plaintiff, stating he wasn't seated properly when in fact he was seated properly.  The defendants responding to the appeal forms stated that because Plaintiff was not properly seated he was the cause of his injuries.

Plaintiff received responses from Deputy Cuevas, Sergeant Souza, Lieutenant Kirk, and Captain Duncan.  He has not received a response from Deputy Gonzales as Deputy Cuevas took the blame for this incident by claiming to have been the driver.  The reason Deputy Cuevas is in this case is that he, Lieutenant Kirk, and Captain Duncan all pushed the blame on Plaintiff.  All three of these individuals denied any responsibility, blamed Plaintiff, and declined his appeals for his grievances filed in complaint of the driver.  These individuals are protecting and allowing an unsafe driver to continue to transport inmates after Plaintiff was injured, and the driver hasn't been disciplined at all.

As relief, Plaintiff requests that Defendants be re-evaluated for their positions and that the driver be placed on probation for one year before working as a transportation driver again.  Plaintiff requests that the traffic incident be permanently documented on the driver's drivers license by the Department of Motor Vehicles.  He also seeks monetary damages for pain and suffering, and costs of suit.[1]

///

///

---

[1] In the First Amended Complaint, Plaintiff requests permission to file all future paperwork electronically.  Plaintiff also requests the issuance of a subpoena to discover the full names of the Defendants and leave to file an amended complaint, if needed.  These requests shall be addressed by separate orders.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

### A. Rights of Pretrial Detainees

Plaintiff was a pretrial detainee at the time of the events at issue in the First Amended Complaint. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). A "pretrial detainee['s] … right to be free from violence at the hands of other inmates arises from the Fourteenth Amendment rather than the Eighth Amendment." Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441 U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

///

///

### B.     Failure to Protect – Fourteenth Amendment Claim

A pretrial detainee can prevail on a failure-to-protect due process claim under § 1983 by demonstrating the following elements: (1) defendant made an intentional decision with respect to the conditions under which the detainee was confined; (2) those conditions put the detainee at substantial risk of suffering serious harm; (3) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of defendant's conduct obvious; and (4) by not taking such measures, defendant caused detainee's injuries. Castro, 833 F.3d at 1071.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Fourteenth Amendment's Due Process Clause. Id. at 1067–68; see Bell, 441 U.S. at 535 (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction). The plaintiff must show that the prison officials acted with "deliberate indifference." Castro, 833 F.3d at 1068.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'" Id. at 1071 (citing Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015) (quoting Graham, 490 U.S. at 396); see also Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Plaintiff has alleged facts demonstrating that he was placed in an overcrowded van without seatbelts or other safety restraints, and that Deputy Gonzales drove recklessly and slammed on his brakes resulting in injuries to Plaintiff. These allegations plausibly suggest a Fourteenth Amendment deliberate indifference claim. See Rich v. Ahern, No. 18-CV-06267-EMC, 2019 WL 2744831, at *2 (N.D. Cal. July 1, 2019) (finding that allegations of a pretrial detainee being transported in a motor vehicle without seatbelts in combination with other allegations that show a high degree of risk, such as reckless driving by the operator, may state a

cognizable claim). A reasonable officer in the circumstances would have appreciated the high degree of risk involved making the consequences of defendant Gonzales's conduct obvious.

Therefore, Plaintiff states a cognizable Fourteenth Amendment claim against defendant Deputy Gonzales for failing to protect him from harm.

### C.      Prison Appeals Process

Plaintiff alleges that defendants Gonzales, Souza, Kirk, and Duncan denied his prison appeals and blamed Plaintiff for the accident stating that he was not seated properly and was therefore the cause of his own injuries.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone

who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that defendants Gonzales, Souza, Kirk, and Duncan failed to properly process Plaintiff's appeals fail to state a cognizable claim.

### D. False Reports

Plaintiff claims that defendants Gonzales, Souza, Kirk, and Duncan falsely blamed Plaintiff for the accident stating that he was not seated properly in the transportation vehicle and was therefore the cause of his own injuries. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being reported against him.

///

///

### E. Damages For Emotional Injury

Plaintiff requests monetary damages for his pain and suffering.

Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce, 526 F.3d at 1211-13 (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff will not entitled to monetary damages for emotional distress unless he also shows a physical injury.

### F. Relief Requested

Besides monetary damages, Plaintiff requests injunctive relief.

Plaintiff requests that Defendants be re-evaluated for their positions, that the driver be placed on probation for one year before working as a transportation driver again, and that the traffic incident be permanently documented on the driver's drivers license. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

Re-evaluating Defendants for their positions, placing the driver on probation, and permanently documenting the accident on the driver's drivers license would not remedy the past violation of Plaintiff's constitutional rights, is not narrowly drawn to correct the alleged past violations, nor within the court's authority to grant in this action.

Therefore, based on the nature of the claims at issue in this action Plaintiff is not entitled

to injunctive relief and is confined to seeking money damages for the violations of his federal rights.

**V.      CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff states a cognizable claim for failure to protect Plaintiff in violation of the Fourteenth Amendment against defendant Deputy Gonzales, but no other cognizable claims against any of the Defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has now stated one claim upon which relief may be granted under § 1983.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state additional cognizable claims.  "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed only against defendant Deputy Gonzales for failure to protect Plaintiff in violation of the Fourteenth Amendment, for money damages;
2. All remaining claims and defendants be dismissed based on Plaintiff's failure to state a claim;
3. Defendants Cuevas, Souza, Kirk, and Duncan be dismissed based on Plaintiff's failure to state a claim against them;
4. Plaintiff's claims for improperly processing Plaintiff's prison appeals, for making false reports against Plaintiff, and for injunctive relief be dismissed from this case, based on Plaintiff's failure to state a claim; and
5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 17, 2021**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE