UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. BRYS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GONZALES, et al.,<br><br>　　　　　Defendants. | **1:19-cv-00838-DAD-GSA-PC**<br><br>**ORDER DENYING REQUESTS TO FILE DOCUMENTS ELECTRONICALLY AND TO ISSUE SUBPOENA** |

**I.　　BACKGROUND**

　　Christopher L. Brys ("Plaintiff") is a former Stanislaus County jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On December 9, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 8.) On March 9, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 15.) On March 17, 2021, the court issued findings and recommendations, recommending that this case proceed with the First Amended Complaint against defendant Gonzales for failure to protect Plaintiff in violation of the Fourteenth Amendment. (ECF No. 17.)

Plaintiff requests permission to file all future documents electronically, using the court's electronic filing system.  (ECF No. 15 at 8.)   Plaintiff also requests the opportunity to issue a subpoena commanding defendants to provide information.  (Id.)

## II.     REQUEST TO FILE DOCUMENTS ELECTRONICALLY

Under Local Rule 133, "Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.  All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules."  L.R. 133(b)(3).  *Pro se* parties seeking leave to file documents electronically must "submit requests as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception.  Points and authorities are not required, and no argument or hearing will normally be held.  Requests may also be made in scheduling conference and pretrial conference statements when the need can be foreseen."  L.R. 133(b)(3).

Plaintiff, who is proceeding *pro se* in this action, requests permission to file all future paperwork electronically.  However, Plaintiff has not set out any explanation of the reasons the court should allow him to file documents electronically.  Therefore, Plaintiff's request shall be denied, without prejudice.

## III.    REQUEST FOR ISSUANCE OF SUBPOENA

Plaintiff seeks the opportunity to issue a subpoena commanding defendants to provide information.  This request is premature because discovery has not been opened in this case.  When this case is ready for discovery the court will issue a scheduling order opening discovery.  Discovery will not be opened until after the complaint has been served and one or more of the defendants has filed an answer to the complaint.  Therefore, it is not time for discovery in this case, and Plaintiff's request for issuance of a subpoena shall be denied, without prejudice.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to file documents electronically is denied, without prejudice; and

2

2. Plaintiff's request for issuance of a subpoena is denied as premature, without prejudice.

IT IS SO ORDERED.

Dated:  **April 21, 2021**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE