UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. BRYS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GONZALES, et al.,<br><br>　　　　Defendants. | **1:19-cv-00838-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER (ECF No. 20.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

On May 3, 2021, the court issued an order requiring Plaintiff to complete and submit the forms for initiating service of process on defendant Deputy Gonzales, and to do so within thirty days. (ECF No. 20.) The thirty-day time period has now expired and Plaintiff has not submitted the service documents to the court or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 18, 2019. Plaintiff's failure to respond to the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not return documents to the court needed to serve process in his case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to submit the service documents that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is proceeding *in forma pauperis* in this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's order issued on May 3. 2021. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).  In the alternative, instead of filing objections, Plaintiff may submit the service documents, completed and signed, which will resolve this matter.

IT IS SO ORDERED.

    Dated:   **July 6, 2021**                  **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE